# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **MARZETTA SUE SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10CV00048 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **AEGON USA, LLC,** | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | United States District Judge |

*Lewey K. Lee, Lee & Phipps, Wise, Virginia, for Plaintiff; Brian A. Coleman, Drinker, Biddle, & Reath, LLP, Washington, DC, for Defendant.*

In this ERISA case in which the plaintiff seeks disability benefits from her employer's benefit plan, I will enforce the plan's forum selection clause over the plaintiff's objection and transfer the case to the United States District Court for the Northern District of Iowa.

I

Marzetta Sue Smith, the plaintiff, filed this action challenging the decision of AEGON USA, LCC ("AEGON"), the defendant, to deny her disability benefits under a disability insurance program provided through her employer, Monumental Life Insurance Company ("Monumental"). The insurance policy contains a forum selection clause stating that "a participant or beneficiary shall bring an action in

connection with the Program only in Cedar Rapids, Iowa." Based upon the forum selection clause, AEGON seeks under Federal Rule of Civil Procedure 12(b)(3) to have Smith's action dismissed for improper venue. Smith argues that venue is proper because her claim is made under the Employee Retirement Income Security Act ("ERISA"), and accordingly this district is a proper venue because it is where the breach of the obligation to pay benefits took place. *See* 29 U.S.C.A. § 1132(e)(2) (West 2009). Alternatively, Smith contends that the forum selected is unreasonable. However, I find that the forum selection clause is applicable in this case. While AEGON wants the action dismissed, I will transfer it to the Northern District of Iowa.

II

When a defendant raises a timely objection to venue, the plaintiff has the burden of showing that venue is proper. *See Bartholomew v. Va. Chiropractors Ass'n*, 612 F.2d 812, 815 (4th Cir. 1979). Forum selection clauses are presumptively valid unless enforcement is unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause will be unreasonable if its formation was induced by fraud or overreaching, the complaining party will be deprived of her day in court because of inconvenience or unfairness of the forum, the applicable law may deprive the

plaintiff of a remedy, or the enforcement of the clause would contravene a strong public policy of the forum state. *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996). The party opposing the forum selection clause bears the burden of showing it is unreasonable. *Bryant Elec. Co. v. City of Fredericksburg*, 762 F.2d 1192, 1197 (4th Cir. 1985).

Smith first argues that the forum selection clause here is unenforceable because it is superseded by ERISA's venue provision, which provides that an action may be brought where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C.A. § 1132(e)(2). Neither the Supreme Court nor the United States Court of Appeals for the Fourth Circuit has yet directly addressed whether forum selection clauses contained within ERISA plans are enforceable. The majority of district courts confronted with the question have upheld them. *See Williams v. CIGNA Corp.*, No. 5:10-CV-00155, 2010 WL 5147257, at * 3 (W.D. Ky. Dec. 13, 2010) (citing cases from other districts). The plaintiff cites *Nicolas v. MCI Health & Welfare Plan No. 501*, 453 F. Supp. 2d 972 (E.D. Tex. 2006), in support of her argument, but *Nicolas* is the only discovered case in which the court has declined to enforce a forum selection clause because it was superseded by ERISA.

As other district courts have noted, if Congress had wanted to prevent plaintiffs from avoiding the statutory venue provision by private agreement, it

could have done so.  *See Testa v. Becker*, No. CV 10-638-GHK (FMOx), 2010 WL 1644883, at *5 (C.D. Cal. Apr. 22, 2010).  Such a contractual arrangement certainly does not conflict with ERISA's provision for "ready access to the federal courts."  29 U.S.C.A. § 1001(b) (West 2008).  Moreover, as at least one other district court has explained, enforcement of forum selection clauses may advance ERISA's goal of establishing a uniform administrative scheme.  *See Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1023 (C.D. Cal. 2008).

Smith also argues that the forum selection clause is invalid because it is the result of overreaching and is therefore unreasonable.  *See Allen*, 94 F.3d at 928.  Smith cites no case law in support of this proposition.  As was the case in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991), the forum selected is the location of AEGON's corporate headquarters and there is no evidence that this forum was fixed as a way to discourage potential plaintiffs from pursuing legitimate claims.  Furthermore, the Supreme Court has ruled that enforcement of forum selection clauses may be appropriate even where "enforcement effectively would deprive respondents of their day in court."  *Id.* at 590.

Smith asserts that the clause is unreasonable because she had no prior notice of the provision, which was added to her policy in 2007, and she did not consent to it.  *See id.* at 585 (considering whether a plaintiff was given notice of the forum provision and therefore presumably retained the option of rejecting the contract).

Notably, AEGON has provided Summaries of Material Modifications, which were made available to all participants in the short-term and long-term disability plans in September 2007 and described the forum selection clauses. This was sufficient to reasonably communicate the provision to Smith. *See Testa*, 2010 WL 1644883, at *5.

Moreover, although the insurance plan was negotiated between a plan administrator and Monumental, and therefore Smith may not have had the ability to reject the contract on that ground, the "notice" consideration outlined in *Carnival Cruise Lines* is only a factor to be considered. The absence of notice and opportunity to reject in this case does not render the clause fundamentally unfair. *See Laasko*, 566 F. Supp. 2d at 1024. Additionally, Smith's consent to any modifications to her policy was not necessary. *See Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) ("Employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans."). There is no evidence of fraud or overreaching, and the clause is not unreasonable.

III

Although the forum selection clause in the insurance policy is enforceable, transfer, rather than dismissal, is appropriate. If venue is improper, the court "shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(a) (West 2006). Whether to transfer or dismiss is within this court's discretion. Dismissal of this action would not be in the interest of justice. Nothing would be gained here by requiring Smith to re-file her case in the proper venue. Therefore, I will deny the defendant's Motion to Dismiss and transfer the case to the United States Court for the Northern District of Iowa, at Cedar Rapids, Iowa.

      A separate order will be entered forthwith.

DATED: February 22, 2011

/s/ James P. Jones
United States District Judge